

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2004

# USA v. Varela-Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Varela-Garcia" (2004). *2004 Decisions.* Paper 1071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 03-1728, 03-1729, 03-1730, 03-1731
_____

UNITED STATES OF AMERICA,

vs.

CRISTIAN VARELA-GARCIA,
Appellant No. 03-1728

(D.C. No. 01-cr-00198)
_____

UNITED STATES OF AMERICA,

vs.

YAMILY ALOMIA-ORTIZ,
Appellant No. 03-1729

(D.C. No. 01-cr-00199)
_____

UNITED STATES OF AMERICA,

vs.

GUSTAVO GIL-MUNOZ,
Appellant No. 03-1730

(D.C. No. 01-cr-00200)

_____

UNITED STATES OF AMERICA,

vs.

YOHN BALBINO CHANTRI GUZMAN,
Appellant No. 03-1731

(D.C. No. 01-cr-00201)
_____

APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS

District Judge:  The Honorable Thomas K. Moore
_____

ARGUED December 9, 2003

BEFORE: NYGAARD, STAPLETON, and BECKER, <u>Circuit</u> <u>Judges</u>.

(Filed: January 26, 2004)
_____

Douglas J. Beevers, Esq. (Argued)
Office of Federal Public Defender
P.O. Box 1327, 51B Kongens Gade
Charlotte Amalie, St. Thomas USVI, 00804
Counsel for Appellants


Carl F. Morey, Esq. (Argued)
Sarah L. Weyler, Esq.
Office of United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas USVI, 00802-6924
Counsel for Appellee

_____

2

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellants challenge their convictions for entering the United States without inspection, arguing that their convictions were not supported by sufficient evidence and that their confessions were not properly corroborated. Additionally, appellants Yamily Alomia-Ortiz, Gustavo Gil-Munoz and Yohn Balbino Chantri Guzman contend that their initial statements to INS officers about their nationality were taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). We will affirm the District Court's judgment with respect to Cristian Varela-Garcia[1], Alomia-Ortiz and Gil-Munoz. We will vacate Chantri Guzman's conviction for insufficient evidence.

We will assume that the readers of this opinion are familiar with its facts, and we describe them only briefly. The appellants were convicted of entering the United States without inspection based on their arrival in St. John during the early morning hours of June 5, 2001. The government's evidence in support of this conviction consisted entirely of the testimony of two INS officers who interviewed the appellants after they arrived. The officers testified that they investigated a reported illegal entry in St. John on June 5th. When they returned to the INS office after their investigation, they found the

_____

1. Mr. Varela-Garcia and the District Court spell his first name "Cristian." The government spells his name "Christian." For the sake of simplicity, we will spell his name "Cristian" throughout this opinion.

3

four appellants sitting in the waiting area. On the evening of June 5th, one of the INS officers interviewed Varela-Garcia. The other three appellants were instructed to return the next morning to be interviewed. They returned and were interviewed on June 6th. The appellants' interviews were nearly identical. Each was taken to an INS officer's personal office. They were not handcuffed and were not initially told that they were under arrest or otherwise in custody. The INS officer first asked each appellant questions regarding their nationality. Each appellant stated that he or she was a Colombian national. The INS officers then gave each of the appellants a waiver of rights form, which each signed. The appellants then described their trip from Colombia to St. John that culminated in each taking a boat into St. John at the cost of between $1,000 and $1,200. They each arrived in St. John around 1 a.m. and all of them, except Chantri Guzman, admitted to entering St. John without going through inspection. The appellants then voluntarily presented themselves at the INS office on June 5th. Appellants Chantri Guzman and Gil-Munoz also requested political asylum during their interviews.

At trial before the Magistrate Judge, the appellants were convicted of entering the United States without inspection in violation of 8 U.S.C. § 1325(a). On appeal to the District Court, that Court found that the admission of the appellants' statements regarding their nationality that were given before the INS officer administered *Miranda* warnings violated their rights under the Fifth Amendment. The Court went on to hold that the admission of these statements was harmless error because the appellants'

4

convictions were adequately supported even without these statements. This appeal followed.

The District Court had jurisdiction over this appeal under 18 U.S.C. § 3402 and we have jurisdiction under 28 U.S.C. § 1291. Specifically, we review the decision as to whether the appellants were subject to custodial interrogation as a mixed question of law and fact. *United States v. Benton*, 996 F.2d 642, 644 (3d Cir. 1993). The Magistrate Judge's findings with respect to the historic facts of the appellants' interrogations are reviewed for clear error while the application of the law to those facts is reviewed *de novo*. *Id.* We review the sufficiency of the government's evidence to determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (internal citations and quotation marks omitted). If any such trier of fact could have so found, then we will affirm. *Id.*

The first issue each of the appellants, other than Varela-Garcia, raises is whether the District Court erred by concluding that any *Miranda* violations resulted in only harmless error. Under *Miranda*, before a person may be subjected to custodial interrogation, certain prophylactic and now familiar warnings must be administered. *Miranda*, 384 U.S. at 444. Custodial interrogation generally exists when there has been "a 'formal arrest or restraint on freedom of movement' to the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (quoting *Oregon v.*

*Mathiason*, 429 U.S. 492, 495 (1977)).  A court determines whether a defendant is in custody by analyzing the objective circumstances presented to the defendant and determining how a reasonable person in the defendant's situation would understand those circumstances.  *Stansbury v. California*, 511 U.S. 318, 323-24 (1994).  An investigating officer's belief as to whether the defendant is in custody is only relevant to this inquiry if that belief is communicated to the suspect through either word or deed.  *Id.*

Here, the appellants appeared voluntarily at the INS office.  They were questioned by INS officers in the officers' personal offices.  They were not handcuffed or otherwise restricted in their movement and they did not appear to be under any distress.  Before receiving a waiver of rights form that satisfied *Miranda*'s requirements, the appellants were asked very basic questions about where they were from.  The basic nature of these questions necessarily implies that the appellants were only briefly questioned before being given the waiver of rights form.  Based on these objective circumstances, the Magistrate Judge found that the appellants were not subjected to custodial interrogation and, therefore, *Miranda* warnings were not required before the officers asked the appellants about their nationality.

The District Court disagreed based entirely on the INS officers' testimony that the appellants were, in fact, in custody from the very beginning of each interview.  This testimony, however, discloses nothing more than the officers' personal knowledge that the appellants were not free to go.  There was no testimony or other evidence that this

personal knowledge was communicated to the appellants. In fact, the Magistrate Judge found that the objective circumstances surrounding the appellants' interviews before they were given the waiver of rights form did not amount to custodial interrogation. We agree with this finding. One needs nothing more than common sense to understand that it is natural, unoffensive and non-custodial for an INS officer to ask a person who shows up at the INS office "who are you and where are you from" before the officer realizes that a warning under *Miranda* is necessary. Because the officers' subjective belief about the appellants' custodial status was not communicated to them, it does not alter this conclusion. Accordingly, we hold that admitting the appellants' statements regarding their nationality was not error.

The appellants also challenge the sufficiency of the government's evidence and the degree of corroboration for their confessions. In order to succeed in a prosecution for entry without inspection, the government must prove that a defendant is an alien who "(1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact." 8 U.S.C. § 1325(a). When the government's proof of these elements includes statements or confessions from the defendant, those statements must be corroborated to "establish the trustworthiness of the statement." *Opper v. United States*, 348 U.S. 84, 93 (1954).

7

A statement is properly corroborated so long as there is sufficient evidence to establish that the statement, as a whole, is trustworthy. *See id.*; *see also Gov't of Virgin Islands v. Harris*, 938 F.2d 401, 409-10 (3d Cir. 1991). Each element of the statement need not be independently corroborated. *Harris*, 938 F.2d at 410.

The evidence at trial (apart from the confessions themselves) uniformly and substantially corroborates the confessions. Consistent with their stories of recent entry, the appellants were present in the United States – indeed, in a border area of the United States. The appellants appeared at an INS office, consistent with them having an immigration-related issue. The appellants spoke only Spanish, which is consistent with Colombian birth.[2] Finally, the level of detail in each appellant's account of the smuggling operation tends to rule out the possibility that their stories were fabricated.

Finally, Varela-Garcia, Alomia-Ortiz and Gil-Munoz's arguments that there was insufficient evidence to support their convictions are also without merit. The appellants admitted to being aliens and those admissions were supported by substantial circumstantial evidence. This evidence included their voluntary appearance at the INS office, their mode of entry into St. John and the fact that they spoke Spanish. These

---

2.      Here, *Opper's* focus on corroborative, rather than direct, evidence is critical: Although speaking only Spanish is not directly probative of alienage in a region where citizens and noncitizens alike may speak only Spanish, it is corroborative of the appellants' story of being from Colombia (where people are predominantly monolingual Spanish speaker) as opposed to some other location in the region (where people are more likely to speak English, French, or Patois).

pieces of evidence, taken together, are sufficient circumstantial proof to buttress the appellants' admissions that they are Colombian nationals. The INS officers also offered unrebutted testimony that each of these appellants admitted to having entered St. John without inspection. Based on this evidence, any reasonable trier of fact could have determined that the appellants were guilty beyond a reasonable doubt and we will affirm their convictions.[3]

As to appellant Chantri Guzman, he also admitted to being an alien and that admission is properly supported by other evidence. However, a careful review of the testimony and evidence discloses that the government offered no testimony or other evidence to prove that he entered the United States at a time or place other than as designated by immigration officers. The INS officers testified that each of the other appellants admitted entering without inspection, they did not so testify with respect to Chantri Guzman. The only other evidence that could arguably support this element is the testimony that Chantri Guzman appeared at the INS office with three other people who entered without inspection on the day that INS officers were investigating such an entry and that he entered St. John either with these other people or through a method identical to them. This level of proof is insufficient for a trier of fact to conclude, beyond a

---

3.     Varela-Garcia also argues that the government's evidence was insufficient because it did not prove that he was not entitled to derivative citizenship. He cites to no case, and we could find none, to support his argument that such proof was required to support a conviction under 8 U.S.C. § 1325(a).

reasonable doubt, that Chantri Guzman entered without inspection. Chantri Guzman could have arrived at St. John with the other appellants, but have gone through the inspection point that the government's own witnesses admitted was less that fifty yards from where he arrived in St. John.

Accordingly, his conviction will be vacated.

IV

For the foregoing reasons, we will affirm the District Court's judgment with respect to appellants Varela-Garcia, Alomia-Ortiz and Gil-Munoz. We will reverse the District Court with respect to appellant Chantri Guzman and vacate his conviction and sentence.

       /s/ Richard L. Nygaard
       Circuit Judge